IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

DONNA M. McCLEARN, (Chapter 7)

Debtor. Case No. 04-17344

---

CLAIRE ANN RESOP, Trustee,

Plaintiff,

v. Adv. No. 06-202

FARMERS & MERCHANTS STATE BANK,

Defendant.

---

MEMORANDUM DECISION

---

Donna McClearn filed a voluntary chapter 7 petition on October 14, 2004. The chapter 7 trustee brought this adversary proceeding under § 544 to avoid Donna's mortgage to F & M State Bank. The parties have stipulated to all of the facts. They pose pure legal questions regarding the trustee's power to avoid conveyances that do not comply with Wisconsin's homestead joinder requirement, § 706.02(1)(f) of the Wisconsin statutes.

1

Until April 17, 2001, Donna and her husband Robert Call lived together at their home in Lodi, Wisconsin, which was titled solely in Robert's name. On that day, Robert moved out. He had no intention of returning. Donna filed for divorce in May 2002.

Early in the divorce proceedings, Donna and Robert entered into a marital settlement agreement. The agreement provided that Robert would deed the couple's home to Donna and that she would refinance the outstanding loans on the property in her name. In addition, the agreement stated:

> Except as otherwise provided for in the Agreement, each party shall be divested of and each party waives, renounces and gives up pursuant to Section 861.07, Wis. Stats., all right, title, interest in and to the property awarded to the other. All property and money received and retained by the parties shall be the separate property of the respective parties, free and clear of any right, title and interest or claim of the other party, and each party shall have the right to deal with and dispose of his or her separate property as fully and effectively as if the parties had never been married.

On March 19, 2003, before the divorce court approved the marital settlement agreement, Robert deeded the property to Donna. She mortgaged it to F & M Bank. Only Donna signed the mortgage. The mortgage and deed both stated that she was single. She paid off prior mortgages, using a combination of the loan proceeds and a small amount of cash. She recorded the deed and the mortgage twelve days later. The divorce court entered a judgment of divorce, including approval of the marital settlement agreement, on May 5, 2003.

The trustee claims that the mortgage was invalid because Robert did not sign it. The bank responds that the mortgage is valid, either because Robert abandoned his homestead interest before the mortgage was signed or because the deed to Donna was a separate conveyance by Robert to the bank. The bank also argues that even if the mortgage is invalid, the proper recording of the deed and mortgage precludes any

2

subsequent purchaser from being a "bona fide purchaser," and therefore prevents the trustee from avoiding the mortgage under § 544(a)(3) of the Bankruptcy Code.

Section 544(a)(3) grants a trustee in bankruptcy the "strong arm" power to avoid certain liens that a hypothetical bona fide purchaser would be able to avoid under nonbankruptcy law. It provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). "Although [an] actual knowledge requirement may not be interposed against a trustee under section 544, the doctrine of constructive notice may." In re R.C.R. Corp., 58 B.R. 291, 295 (Bankr. W.D. Wis. 1986). A bona fide purchaser ("BFP") from the debtor can be either a buyer or a mortgagee. § 101(43), (54).

The Wisconsin statute of frauds, Wis. Stat. § 706.02, requires the joinder of both spouses whenever one spouse wishes to convey a married couple's homestead:

> (1) Transactions under s. 706.001(1) shall not be valid unless evidenced by a conveyance that satisfies all of the following: . . .
>
> (f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a married person in a homestead under s. 706.01(7) except conveyances between spouses, but on a purchase money mortgage pledging that property as security only the purchaser need sign the mortgage. . . .

3

Wis. Stat. § 706.02(1)(f). Lack of joinder renders a homestead conveyance invalid from the outset.

The mortgage to F & M Bank alienated an interest of a married person (Donna) in her homestead. It was not signed by or on behalf of Robert. It does not matter whether it was his homestead. It was "a homestead" and falls within the wording of the statute. Deeding the house to Donna before she mortgaged it was neither a separate conveyance to the bank nor a ratification of Donna's conveyance to the bank. According to the plain language of Wis. Stat. § 706.02(1)(f), the mortgage is invalid.

But just because a mortgage is invalid does not mean that a trustee in bankruptcy can avoid it. Section 544(a)(3) only gives the trustee the rights that a BFP would have as of the bankruptcy petition date. For most types of title defects, Wis. Stat. § 706.09(1)(k) provides a grace period of 30 years during which a purchaser can avoid a prior unrecorded interest in real estate of which the purchaser had no knowledge. For 30 years after a satisfactory notice of an interest is recorded, all purchasers are deemed to have constructive notice of the interest and are not BFPs. Wis. Stat. § 706.09(2)(b).

For certain enumerated conveyances, however, the Wisconsin statutes provide a shorter grace period. Wis. Stat. § 706.09(1) reads in relevant part:

> (1) WHEN CONVEYANCE IS FREE OF PRIOR ADVERSE CLAIM. A purchaser for a valuable consideration, without notice as defined in sub. (2), and the purchaser's successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
>
> (e) *Marital interests.* Homestead of the spouse of any transferor of an interest in real estate, if the recorded conveyance purporting to transfer the homestead states that the person executing it is single, unmarried or widowed or fails to indicate the marital status of the transferor, and if the conveyance has, in either case,

4

> appeared of record for 5 years. This paragraph does not apply to the interest of a married person who is described of record as a holder in joint tenancy or of marital property with that transferor.

Wis. Stat. § 706.09(1)(e). A purchaser only needs to worry about Wis. Stat. § 706.09(1)(e) defects that arose within five years before the purchase date. Ray J. Aiken, *Proposed Title Legislation: A Suggested Solution to the Problem of "Marketable Title,"* 50 Marq. L. Rev. 15, 29 (1966) ("[S]ubsections (1)(a)-(j), define situations in which, it is felt, the thirty year 'grace period' is unwarranted, unrealistic, and largely ineffective to meet the central problem of excessive 'phantom' title-defects. As a general proposition, this proposed 'grace period' is five years. . . . Generally, the aim has been to facilitate the title transaction as thoroughly as possible without incurring *substantial* risk that legitimate interests will be *unfairly* extinguished thereby").

Wis. Stat. § 706.09(1)(e) reduces, but does not eliminate, the onus on prospective buyers to inquire into previously recorded interests. A purchaser cannot trust any prior conveyance of a homestead, recorded within the five years preceding the purchase, if it indicates the transferor is single. This would be true even if the conveyance stated that it was not a conveyance of homestead property. A diligent purchaser would need to look into the prior transferor's marital status and the use of the property.

This requirement is very odd. It decimates the essence of BFP protection, which is supposed to allow prospective purchasers to rely on the chain of title that can be constructed from the public registry of deeds. Arguably, requiring a prospective purchaser to investigate facts beyond the chain of title defeats the purpose of having a recording system at all.

But the state legislature made the considered judgment to balance spouses' protections against the potential harm to a BFP. Wisconsin's homestead joinder

5

Case 3-06-00202-rdm   Doc 42   Filed 05/15/07   Entered 05/15/07 14:46:20   Desc Main
Document   Page 6 of 12

requirement is nearly sacrosanct. E.g., Glinski v. Sheldon, 88 Wis. 2d 509, 522 (1979) (adding to homestead joinder requirement the judicial gloss that statutory equitable relief available to cure other statute of frauds defects is not available to cure nonjoinder of spouse); Cumps v. Kiyo, 104 Wis. 656, 661 (1899) ("the statutory policy of this state is that a wife shall possess an absolute veto upon the husband's power to alienate his homestead"). If a purchaser could take property free of a dispossessed spouse's interest just because the transferor spouse declared herself single, the joinder requirement would be nearly meaningless. The drafters of Wis. Stat. § 706.09(1)(e) apparently concluded that exceptions to the joinder requirement should be narrow, at least for the first five years after a noncompliant conveyance. Aiken, *supra*, at 37-38.

The first question is thus whether the mortgage to F & M Bank fell within Wis. Stat. § 706.09(1)(e). It did if it depended for its validity or priority upon the property being the "Homestead of the spouse of any transferor of an interest in real estate. . . ." Wis. Stat. § 706.09(1)(e). (The title of paragraph (e), "*Marital interests*," is not part of the statute. Wis. Stat. § 990.001(6).) The statute was *intended* to refer to Wis. Stat. § 706.02(1)(f), which provides that a conveyance of a married person's homestead shall not be "valid" unless evidenced by a conveyance signed by both spouses. Aiken, *supra*, at 37. In other words, a mortgage would depend on the property being the homestead of the transferor's spouse anytime the mortgage would be invalidated by the property not being the homestead of the transferor's spouse.

But Wis. Stat. § 706.09(1)(e) does not expressly refer to Wis. Stat. § 706.02(1)(f). Instead, it appears to be a clumsy attempt at statutory symmetry. The two statutes don't match. The mortgage does not literally depend on the property being the homestead of

6

the transferor's spouse (i.e., Donna's then-spouse Robert), because what invalidates the mortgage is not that it was Robert's homestead but that it was Donna's. Wis. Stat. § 706.02(1)(f) invalidates certain conveyances of "any interest of a married person in a homestead"—*a* married person, not the transferor's spouse as in Wis. Stat. § 706.09(1)(e). The notice provided by the F & M Bank mortgage does not depend on the property being the homestead of Robert, the transferor's spouse.

The Wisconsin statutes that govern the construction of the statutes generally, and Chapter 706 specifically, may mandate a different interpretation. "A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction." Wis. Stat. § 990.001(7). Chapter 706 of the Wisconsin statutes "shall be liberally construed, in cases of conflict or ambiguity, so as to effectuate the intentions of parties who have acted in good faith." Wis. Stat. § 706.001(3).

Wis. Stat. § 706.09(1)(e) was intended to "reverse the title examiner's inclination to place the worst possible construction on title defects, and . . . establish a conclusive presumption that evidence not appearing expressly and affirmatively of record would, if it were available, prove favorable to marketability." Aiken, *supra* at 49. The slight differences in wording between Wis. Stat. §§ 706.02 and 706.09 would mean that where both spouses intended the property to be their homestead, a subsequent purchaser would only have to look back five years to determine whether the title was marketable. But if only one spouse intended the property to be her homestead, a subsequent purchaser would have to look back thirty years before being certain that the title was marketable. Far from reversing the odious burden of title searching, as Wis. Stat. § 706.09 was

intended to do, this reading of the statute would require purchasers to inquire into the subjective intentions of each spouse before even settling on the appropriate length of a title search.

There is no indication that the legislature deliberately contrasted "interest of a married person in a homestead" against "homestead of the spouse of any transferor." To the contrary, when § 706.09 was first enacted, the language of the two statutes was not similar at all. When Wis. Stat. § 706.09 (formerly codified at § 235.491) was originally enacted, Wis. Stat. § 706.02(1)(f) (then codified at § 235.01(2)-(3)) was already on the books. The predecessor to § 706.09(1)(e) clearly referred to the predecessor to § 706.02(1)(f). Section 235.491(1)(e) was nearly identical to current § 706.09(1)(e):

> A purchaser for a valuable consideration, without notice as defined in sub. (2) hereof, and his successors in interest, shall take and hold the estate or interest purported to be conveyed to such purchaser free of any claim adverse to or inconsistent with such estate or interest, if such adverse claim is dependent for its validity or priority upon:
>
> (e) *Marital interests.* Dower or homestead of the spouse of any transferor of an interest in real estate, where the recorded conveyance purporting to transfer the same states that the person executing it is single, unmarried or widowed; or fails to indicate the marital status of such transferor, and where such conveyance has, in either case, appeared of record for five years. This paragraph shall not apply to the interest of a married woman who is described of record as holder in joint tenancy with such transferor.

Wis. Stat. § 235.491(1)(e) (1967), repealed 1971. The type of unmarketability to which Wis. Stat. § 235.491(1)(e) was referring, deemed defective by Wis. Stat. § 235.01(2)-(3), was significantly different from current § 706.02(1)(f):

> (2) No mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, shall be valid without his wife's consent, evidenced by

8

> her act of joining in the same deed, mortgage or other conveyance, or by her act of executing a separate deed, mortgage or conveyance, except a conveyance from husband to wife.
>
> (3) No mortgage or other alienation by a married woman of any interest, legal or equitable, present or future, by deed or otherwise, in a homestead held by her and her husband as joint tenants, shall be valid without her husband's consent, evidenced by his act of joining in the same conveyance or mortgage or executing a separate conveyance or mortgage of the same nature as the wife's except a conveyance from wife to husband.

Wis. Stat. § 235.01(3) (1967), repealed 1971. It is of the utmost significance that this statute invalidated certain conveyances not of an "interest of a married person in a homestead," but of "[the husband's] homestead" and "[the wife's] interest . . . in a homestead held by her and her husband."

The changed language in Wis. Stat. § 706.02(1)(f) hardly indicates a different meaning of § 706.09(1)(e). The amendments that the legislature has made to the two statutes since § 235.491 was enacted were not intended to make substantive changes. Instead, the legislature intended to make the statutes gender-neutral and to harmonize them with Wisconsin's Marital Property Act. These changes do not preclude construing Wis. Stat. § 706.09(1)(e) to be consistent with its original effect.

Such a construction would comport with Wis. Stat. § 706.001(3)'s instruction that courts resolve conflicts in the statute so as to effectuate the intentions of parties who have acted in good faith. Even though Wis. Stat. § 706.09(1)(e) states that a conveyance falls within its scope if the conveyance's validity depended upon the property being the homestead of the transferor's spouse, the statute was originally – and should now be – coextensive with Wis. Stat. § 706.02(1)(f). I find that a conveyance falls within the scope of Wis. Stat. § 706.09(1)(e) if the conveyance's validity depended on the property being either spouse's homestead. Therefore, Wis. Stat. § 706.09(1)(e) applies to the F & M

9

Bank mortgage. A hypothetical purchaser would need to look back only five years, not 30 years, to find undisclosed marital interests in the chain of title. The trustee cannot avail herself of any protections other than those listed in Wis. Stat. § 706.09(1)(e). That statute has supplanted any vestiges of BFP protections available at common law.

On the petition date, a purchaser searching the registry of deeds would not have met two of the statutory conditions to taking the Lodi house free of the F & M Bank mortgage. First, the mortgage has not appeared of record for five years. Second, no hypothetical buyer could have been without notice as defined in Wis. Stat. § 706.09(2):

> (2) NOTICE OF PRIOR CLAIM. A purchaser has notice of a prior outstanding claim or interest, within the meaning of this section wherever, at the time such purchaser's interest arises in law or equity:
>
> (a) Affirmative notice. . . . or
>
> (b) Notice of record within 30 years. There appears of record in the chain of title of the real estate affected, within 30 years and prior to the time at which the interest of such purchaser arises in law or equity, an instrument affording affirmative and express notice of such prior outstanding interest conforming to the requirements of definiteness of sub. (1) (b); or
>
> (c) Same. The applicable provisions of sub. (1) (c) to (k) requiring that an instrument remain for a time of record, have not been fully satisfied.[1]

On the petition date, the mortgage had not appeared of record for five years as required by Wis. Stat. § 706.09(1)(e), so any purchaser on that date would have constructive

---

[1] Paragraph (c) appears to be redundant. There can be no BFP if a misleading mortgage has not yet appeared of record for five years. And, a BFP cannot take free of a misleading mortgage if the mortgage has not yet appeared of record for five years. See Aiken, *supra*, at 47 ("subsection (2)(c) makes the quite obvious provision that if a grace period is provided under subsections (1)(c)-(k), and the purchaser takes before the grace period has run, the purchaser is held to have notice of the prior outstanding claim or interest").

10

notice of the mortgage under Wis. Stat. § 706.09(2)(c). Therefore, there are no rights of a BFP available for the trustee to utilize under § 544(a)(3).

The analysis in this case is different from, though not in conflict with, Liebzeit v. Universal Mortgage Corp. (In re Larson), 346 B.R. 486 (Bankr. E.D. Wis. 2006), a case in which the court was not directed to Wis. Stat. § 706.09 and which did not discuss the rights of a BFP. Cf. Brief of Def. Universal Mortgage Corp., Larson, Adv. No. 05-2030 (Docket No. 26, Bankr. E.D. Wis. Jan. 23, 2006) (not discussing state laws on BFPs); Reply Brief of Def. Universal Mortgage Corp., Larson (Docket No. 31, Bankr. E.D. Wis. Mar. 27, 2006) (same). The facts in Larson were similar: Rick Larson identified himself as a single person when he refinanced a mortgage on the homestead he shared with his wife. The trustee then sought to avoid the mortgage pursuant to § 544(a)(3) and Wis. Stat. § 706.02(1)(f). The court was satisfied that the trustee had made out a prima facie case for avoidance. However, Larson did not cite or discuss Wis. Stat. § 706.09, and did not explain why a BFP would have the right to take the property free of the mortgage, other than that the mortgage was invalid under Wis. Stat. § 706.02(1)(f).

An order will be entered awarding judgment to F & M Bank and against the trustee.

Dated: May 15, 2007

ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

DONNA M. McCLEARN, (Chapter 7)

Debtor. Case No. 04-17344

CLAIRE ANN RESOP, Trustee,

Plaintiff,

v. Adv. No. 06-202

FARMERS & MERCHANTS STATE BANK,

Defendant.

ORDER

A trial having been held in this case on stipulated facts on April 9, 2007, and the Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that the Plaintiff's complaint is dismissed.

Dated: May 15, 2007

ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE

1